**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RACHAEL ADEWUMI,

Plaintiff,

v.

EXPERIAN CREDIT SYSTEM AND BUREAU,

Defendant.

No. 26cv3990 (EP) (JRA)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

*Pro se* Plaintiff Rachael Adewumi brings this action against Defendant Experian Credit System and Bureau ("Experian"). D.E. 1 ("Complaint" or "Compl."). Construed liberally, the Complaint appears to challenge information appearing on Plaintiff's credit report and Experian's handling of that information. Plaintiff also seeks to proceed in forma pauperis ("IFP"). D.E. 1-1 ("IFP Application" or "IFP App.").

Because Plaintiff demonstrates financial need, the Court will **GRANT** her IFP Application. The Court must also screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons below, the Court will **DISMISS** the Complaint ***without prejudice*** and allow Plaintiff **45 days** to file a proposed amended complaint.

## I. ANALYSIS

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that [s]he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, or asserts a claim against a defendant

immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Complaints may also be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

A *pro se* plaintiff's complaint must be liberally construed. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Accordingly, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

**A. The Court Will Grant Plaintiff's IFP Application**

Plaintiff's IFP Application reports no income, available cash, bank balances, real property, or other assets. IFP App. at 1–3. Although Plaintiff also reports no monthly expenses and does not explain how she meets her daily living needs, the Application sufficiently demonstrates an inability to pay the filing fee. *Id.* at 4–5; *see Walker*, 886 F.2d at 601. Therefore, the Court will **GRANT** Plaintiff's IFP Application.

**B. Plaintiff's Complaint Fails to Survive the Court's Screening**

The Complaint identifies Experian as the Defendant and invokes federal question jurisdiction. Compl. at 1–2. It appears to concern a credit report entry or account that Plaintiff believes is inaccurate. *Id.* at 2–4. But substantial portions of the handwritten pleading are difficult to decipher, and the discernible allegations do not explain what information Experian allegedly reported inaccurately, when Plaintiff discovered the alleged error, whether and how she disputed it with Experian, or what Experian did or failed to do in response. *Id.* Nor does the Complaint clearly connect any particular conduct by Experian to an identifiable injury.

The Fair Credit Reporting Act ("FCRA") generally requires a consumer reporting agency to follow reasonable procedures to assure the maximum possible accuracy of the information in a consumer report. 15 U.S.C. § 1681e(b). It also imposes reinvestigation duties when a consumer disputes the completeness or accuracy of information in the consumer's file and notifies the agency of the dispute. *Id.* § 1681i(a)(1)(A). Here, Plaintiff does not identify the allegedly inaccurate information or explain how Experian failed to follow reasonable procedures to ensure its accuracy. Nor does she allege sufficient facts concerning any dispute communicated to Experian or Experian's response to establish a claim under § 1681i(a). Without these allegations, the Complaint does not provide sufficient facts to state a plausible claim or give Experian fair notice of the conduct alleged to be unlawful. *See Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 8(a)(2).

Accordingly, the Court will **DISMISS** the Complaint ***without prejudice*** under § 1915(e)(2)(B)(ii). Because Plaintiff is proceeding *pro se* and may be able to clarify her allegations, the Court will permit her to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 114 (3d Cir. 2002). Any amended complaint must be legible and complete in itself. It should identify the specific credit report information challenged, explain why

it is inaccurate, describe what Plaintiff communicated to Experian and how Experian responded (if Plaintiff alleges a dispute), state approximately when the relevant events occurred, and describe the injury for which she seeks relief. Plaintiff should identify any other basis for her claims and the conduct supporting each such claim.

## II. CONCLUSION AND ORDER

Having considered Plaintiff's Complaint and IFP Application,

**IT IS**, on this **29th** day of October, 2026,

**ORDERED** that Plaintiff's IFP Application, D.E. 1-1, is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall file Plaintiff's Complaint, D.E. 1, without prepayment of the filing fee; and it is further

**ORDERED** that the Complaint is **DISMISSED** ***without prejudice*** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case; and it is further

**ORDERED** that Plaintiff may file a proposed amended complaint within **45 days** to cure the deficiencies identified in this Order; and it is further

**ORDERED** that upon Plaintiff's timely filing of a proposed amended complaint, the Clerk of Court shall **REOPEN** this case; and it is further

**ORDERED** that any proposed amended complaint will be subject to this Court's screening pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is finally

**ORDERED** that the Clerk of Court shall send via regular mail a copy of this Order to Plaintiff.

Evelyn Padin, U.S.D.J.